JOURNAL & TRIBUNE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15413.   Promulgated February 5, 1929.

*B. I. Dahlberg, C. P. A.*, for the petitioner.
*E. W. Shinn, Esq.*, for the respondent.

OPINION.

TRAMMELL: The petitioner contended, with respect to the assets acquired at the time of organization from Sanford, that Sanford was really acting for the corporation as its agent in acquiring the assets and that the corporation in substance and effect paid cash therefor.

This contention, however, is refuted by the evidence, which convinces us that Sanford acquired the assets and turned them over to the corporation for stock and bonds.

The petitioner also contends with respect to this transaction that the tangible assets alone were worth substantially the par value of the stock and that all of the assets acquired were worth approximately $100,000. This contention is not supported by the evidence. There is no evidence as to the character, quality, or quantity of the assets. The testimony relates merely to the general nature thereof and there is no testimony introduced from which we could find the value of tangible assets in excess of that determined by the respondent.

In view of the foregoing, we must affirm the action of the respondent with respect to the exclusion of the $26,000 invested capital on account of good will or intangibles acquired for stock.

With respect to the amount claimed to have been expended in building up a circulation structure, a witness who had been connected with the paper and in charge of its management since its organization, testified that at least $100,000 had been expended in building up the circulation structure.

The statement of the witness that a certain amount was expended in building up the circulation structure was merely his conclusion or opinion. What one person might consider as having been expended for building up circulation structure, another might not. The actual facts as to the objects and purposes of the expenditures might lead us to the conclusion that they were in their nature ordinary and necessary expenses. The witness did not testify as to what he meant by the expression " circulation structure " or as to the facts upon which he based his conclusion. No facts were presented from which we could determine what the expenditures were for, whether they or any part thereof were in fact for acquiring a capital asset or assets or were ordinary and necessary expenses in carrying on business.

Here the petitioner seeks for the first time to capitalize the expenditures in question by an amendment to its petition at the hearing. Apparently it had never at any time in the past considered the expenditure as other than ordinary and necessary expense. This gives great weight to the conclusion that at least some part of the expenditure was ordinary and necessary expense.

In our opinion the testimony in this case is entitled to no greater weight than the testimony of the witnesses in the case of *Richmond Hosiery Mills*, 6 B. T. A. 1247; 29 Fed. (2d) 262. The court said:

Examination of the evidence in the record shows that the witnesses who testified as to the value of the trade-mark were merely giving an opinion, not based on any concrete facts * * *. No effort was made to have an expert

audit the books to determine what proportion of the amount expended for advertising should be allowed respectively to expense and capital account. It is certain that some part and probably the larger part should be considered as an expense and much weight is given to this conclusion by the charging of the total amount to expense initially.

In this state of the record we are not bound by the opinion or conclusion of the witness although it is not contradicted, discredited, or impeached. On the question of the weight to be given opinion evidence, the United States Supreme Court, in the case of *The Conqueror*, 166 U. S. 110, said:

While there are doubtless authorities holding that a jury (and in this class of cases the court acts as a jury) has no right arbitrarily to ignore or discredit the testimony of unimpeached witnesses so far as they testify as to facts, and that a wilful disregard of such testimony will be ground for a new trial, no such obligation attaches to witnesses who testify merely to their opinion; and the jury may do with it as they please, giving credence or not as their own experience and general knowledge of the subject may dictate.

See also *Woodside Cotton Mills Co.*, 13 B. T. A. 266; *W. S. Bogle & Co.*, 5 B. T. A. 541; affd. C. C. A., 26 Fed. (2d) 771.

From the evidence before us, we can not determine as a fact what part, if any, of the expenditures made was for acquiring a capital asset. In view of this fact, the amount should not be included in invested capital. *Richmond Hosiery Mills, supra.*

Reviewed by the Board.

*Judgment will be entered under Rule 50.*